IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE HILLARD WELLS, JR., #315-886   *
              Petitioner,

                             *

    v.                                  CIVIL ACTION NO. RDB-05-3270
                             *

GARY HORNBAKER, et al.,
              Respondents.       *

                             ******

## MEMORANDUM OPINION

On December 5, 2005, Petitioner Tyrone Hillard Wells, Jr. filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first degree assault and possession with intent to distribute cocaine entered in 2003 by the Circuit Court for Baltimore City, Maryland. (Paper No. 1). On March 8, 2006, Respondents answered Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. (Paper No. 3). Pursuant to this Court's Order of April 17, 2006, Petitioner was granted an opportunity to file a reply to the Answer stating that his Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. (Paper No. 5). This he has done.[1] (Paper No. 6).

Petitioner's convictions were entered pursuant to an *Alford*[2] plea on July 2, 2003. (Paper No. 3, Ex. 1). Petitioner was sentenced to two five year terms, to be served concurrently. *(Id.)* He did not seek direct appellate review. *(Id.)* On March 4, 2005, Petitioner initiated state post-conviction proceedings. Post-conviction relief was denied on August 12, 2005. *(Id.,* Ex. 1 and 2). Petitioner did not seek leave to appeal the denial of his post-conviction petition. *(Id.)*

---

[1]Petitioner also filed a Reply prior to this Court entering an Order advising him of his opportunity to do so. (*See* Paper No. 4).

[2]*See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

On April 24, 1996,  President Clinton signed the Antiterrorism and Effective Death Penalty

Act ("AEDPA") of 1996 into law.  Among the changes made by this law was the addition of a one

year statute of limitations in non-capital cases for persons convicted in a state court.  *See* 28 U.S.C.

§ 2244(d).[3]  This one year period is, however, tolled while properly filed post-conviction proceedings

are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*,

209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final on August 1, 2003. *See* 28 U.S.C. § 2244(d)(1)(A); Md.

Rule 8-204.  Between August 1, 2003, and the filing of his state post-conviction petition on

March  4, 2005, Petitioner had no other proceedings pending which would have served to toll the

_____

[3]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
>> (A)      the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for seeking
>> such review;
>>
>> (B)      the date on which the impediment to filing an application
>> created by State action in violation of the constitution or laws of the
>> United States is removed, if the applicant was prevented from filing by
>> such State action;
>>
>> (C)      the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively applicable to
>> cases on collateral review; or
>>
>> (D)      the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>
> (2)      the time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this
> subsection.

one year limitation period.  Likewise, between the post-conviction proceedings becoming final on September 22, 2005, and the filing of the instant proceedings on December 5, 2005,[4] Petitioner had no other proceedings pending which would have tolled the limitations period.  *See* 28 U.S.C. § 2244(d)(2); Md. Rule 8-204(b).  Petitioner has offered no arguments in favor of equitable tolling of the limitations period.  *See* 28 U.S.C. § 2244(d).

Petitioner erroneously contends that his Petition was timely filed within the "5 year limitation of habeas Corpus under 28 & 2254." (sic)  (Paper No. 6).  As noted *supra*, the limitations period for filing a petition under 28 U.S.C. § 2254 is one year, not five.

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one-year limitations period set out in AEDPA.  *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).  The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *Id.,* at 330 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).  Generally, the doctrine of equitable tolling has been applied in two types of situations: either where a respondent's acts prevent a  petitioner from asserting the claim, or where extraordinary circumstances, beyond a petitioner's control, prevent petitioner from filing a timely claim. *Id.* (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).  Petitioner's misunderstanding of the law is not the type of extraordinary circumstance which would justify equitable tolling.  *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478

---

[4]The Petition is dated October 20, 2005.  Considering it as having been filed on that date, rather than the date received by the Court, the Petition is still time barred.

(5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of litigant's unfamiliarity with the legal process or his lack of legal representation).  In light of the foregoing, a separate Order will be entered denying the Petition as time-barred under 28 U.S.C. § 2244(d).


May 17, 2006

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE